James Filiault, SBN#184291
jfiliault@k-hlaw.com
Kivel & Howard LLP
111 SW Fifth Ave., Suite 1775
Portland, OR 97204
Tel: 503.796.0909
Fax: 503.914.0374

Attorneys for Plaintiff Coville, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVILLE, INC., a North Carolina corporation,<br>　　　　　　Plaintiff,<br><br>v.<br><br>MAXIT DESIGNS, INC., a California corporation,<br>　　　　　　Defendant. | MISC No. 06-00057-FCD-KJM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER** |

　　　The motion of plaintiff Coville, Inc. for appointment of a receiver in the above-entitled action came on for hearing before the Court on September 1, 2006.  The Court having reviewed the motion and papers in support of and in opposition to, and having heard the oral argument of the parties, and being fully apprised of the issues,

　　　IT IS HEREBY ORDERED THAT:

1. The motion be and is granted.  Beverly N. McFarland, whose address is 9848 Beckenham Drive, Granite Bay, CA 95746 ("Receiver"), is appointed as Receiver at the rate of $250.00 per hour plus expenses for receiver services, and $150.00 for Receiver's administrative assistance.

1

3. Before entering her duties as Receiver, Receiver shall take an oath to perform the duties of Receiver faithfully, execute an undertaking in the amount of $10,000 for the faithful performance of those duties subject to orders of the Court, and said undertaking and oath shall be filed with the Clerk of the Court.

4. The $10,000 bond premium will be paid by Plaintiff upon receipt of the bill from Receiver.

5. On filing of the undertaking and oath, Receiver shall take possession of the following described trademarks of Defendant Maxit Designs, Inc.: "HEADGATOR" (RN 1486168), "MAXIT" (RN 1562261), "HOTHEADS" (RN 1657818), and any other trademarks owned by defendant. Receiver shall also take possession of the following described copyrights of Defendant: Headgator by Maxit card (TXu-216-309), Headgator by Maxit brochure (TXu-293-711), Headgator on folding carton (TXu-394-088), Headgator card (TXu-394-089), Headgator Wrap product packaging (VA-650-075), and any other copyrights owned by defendant. The said trademarks and copyrights will be referred to herein as the "Property."

6. Within 60 days of this Order, Receiver will file: (i) an inventory with this Court of all Property acquired, (ii) an appraisal stating market value, (iii) a report of her activities and the Receiver's and her professionals' fees and expenses incurred.

7. Appraisal of the Property will be paid by Plaintiff upon receipt of a bill and request by Receiver.

8. Upon acquisition of the Property and completion of an appraisal, Receiver shall craft a marketing and sale proposal to sell the Property and submit it to the Court for approval prior to any further action.

9. Final sale and documentation of Property shall be approved by the Court prior to

closing.

10. Proceeds of the sale will be deposited to the Receiver's FDIC insured account established at an insured financial institution until a final order of the Court is issued approving the Receiver's Final Account and Report, final distribution of funds, a discharge of the Receiver and exoneration of the bond.

11. On a monthly basis after filing the initial report and inventory, Receiver shall submit a report that contains: (i) a summary of the activities of Receiver, (ii) a schedule of receipts and disbursements and, (iii) a summary of Receiver and her professionals' interim fees and expenses.

12. Receiver's fees and expenses and those of her professionals will be paid by Plaintiff upon 10 days notice to the Court and the parties. If no written specific objection is provided to Receiver on all fees and expenses submitted, Receiver may pay her invoice and her professionals' fees and expenses owed from funds immediately supplied by Plaintiff. If an objection is received within the 10 day period, Receiver or the professional must respond within a reasonable time to the parties with an acceptable explanation. If an agreement cannot be reached, a noticed motion on shortened time will be filed with the Court for approval of said fees and expenses in dispute.

13. Receiver shall also provide the Court with recommendations in the monthly report for a continuation or discontinuation of the receivership and the reasons therefor, and other such matters as the Court may direct.

14. Receiver is hereby authorized to retain counsel to advise her on matters related to this receivership whose fees and expenses will be the obligation of Plaintiff unless the Court provides other instructions.

15.     Plaintiff will be reimbursed from the proceeds of the sale of the Property for any fees and costs paid by it to the Receiver pursuant to the terms of this Order.

IT IS FURTHER ORDERED that, in addition to the powers hereinabove set forth, Receiver is hereby vested with all of the general powers of receivers in cases of this kind, subject to the direction of the Court, and said Receiver may from time to time, on an ex parte basis, or noticed motion on shortened time, petition the Court for instruction in pursuance of this Order and further orders that the Court may hereafter make.

IT IS FURTHER ORDERED that, Receiver shall not be personally liable for any claims arising before or after the appointment of Receiver pertaining to this receivership and the acquisition and sale of the Property; any and all claims will be solely the liability of the receivership estate.

IT IS FURTHER ORDERED that, Defendant Maxit Designs, Inc. and its agents and employees, within five (5) days of the entry of this order, deliver possession of any Property herein described to Receiver, and take such further actions at any time necessary to carry out the acts ordered herein, upon the request of Receiver.

IT IS SO ORDERED.

DATED: September 11, 2006.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
U.S. DISTRICT JUDGE